UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00258-MOC

| | | |
|---|---|---|
| **MARVIN EUGENE PALMER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on a letter dated April 2, 2015, in which plaintiff,

appearing *pro se*, appears to request appointment of counsel and/or asks the court "to grant my

claim based on the evidence that was submitted to the courts on Jan. 6, 2015 [to] March 12,

2015."

On March 12, 2015, plaintiff submitted what appears to be an informational letter from

the Veterans Administration indicating that he has a 100% service-related disability rating.

While the court does not know at this point whether such information was available to the

Commissioner and what relevance it may now have to her decision, plaintiff should be aware

that the law provides that while a VA disability rating should not be disregarded, McCartey v.

Massanari, 298 F.3d 1072, 1075–76 (9th Cir. 2002), "a determination made by another agency

that you are disabled ... is not binding on [the Commissioner]." 20 C.F.R. § 404.1504. Plaintiff is

further advised that while the letter from the VA may well be relevant to his claim for Social

Security disability benefits, the court cannot act on that piece of information alone, but is

required to consider the Commissioner's final decision, the entire administrative record, and the

arguments submitted by both sides. In federal court, we consider these arguments through the submission of "Motions for Summary Judgment" with accompanying memoranda of law. Plaintiff is advised that his deadline for filing his Motion for Summary Judgment and supporting memorandum of law is May 5, 2015, and he should include in that pleading all the reasons he believes the Commissioner's final decision is wrong. While the court does not question the authenticity of the VA letter he has already submitted, plaintiff is advised that to consider that letter on summary judgment, it must be submitted as an exhibit to his Motion for Summary Judgment and accompanied by an affidavit telling the court how such document came into his possession and that it is authentic, to wit, that it has not been altered since it was received. An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

Finally, the court has considered plaintiff's request for appointment of counsel. While the court understands that it is difficult to obtain or afford counsel, there are no provisions of law which allow this court to appoint an attorney in a civil case. Plaintiff should again visit Social Security lawyers in the Charlotte area and show them the records he has been provided and the letter he has recently received from the VA.

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent plaintiff seeks relief in his April 2, 2015, letter (#30), such relief is denied without prejudice.

Signed: April 14, 2015



Max O. Cogburn Jr.
United States District Judge