UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00258-MOC

| | | |
|---|---|---|
| **MARVIN EUGENE PALMER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court upon plaintiff's Motion for Summary Judgment, the Commissioner's Motion for Summary Judgment, and plaintiff's Reply to Defendant's Memorandum (#45). Having carefully considered such motions, the memoranda, and the extensive administrative record, the court enters the following findings, conclusions, and Order affirming the decision of the Commissioner and dismissing this action.

### FINDINGS AND CONCLUSIONS

**I. Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was

unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, plaintiff timely filed this action.

## II.    Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by *substantial* evidence. The undersigned finds that it is.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d.  If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e.  If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b) - (f). In this case, the Commissioner determined plaintiff's claim at the Fifth Step of the sequential evaluation process and employed a Vocational Expert ("VE") in determining that plaintiff had the residual functional capacity ("RFC") to perform work that was available in the economy.

## C. The Administrative Decision

Before reaching a conclusion at the Fifth Step of the sequential evaluation process, the ALJ engaged in what the court finds to be an exhaustive analysis of the evidence relevant at each step of the decision making process. Administrative Record ("A.R." at 18-30). In that review process, the ALJ discussed the evidence which informed his decision, any weight he assigned such evidence, and the physical/vocational manifestations such symptoms or impairments had on plaintiff's activities of daily living. The court finds this ALF's method of evaluation, which incorporates in-depth exploration of the evidence relevant at that particular step, to

be extremely helpful and precisely what recent case law indicates should be the norm.

At step one, the ALJ found that plaintiff had not worked since October 12, 2011, the alleged onset date of his disability. A.R. at 20. At step two, the ALJ found that plaintiff had the following severe impairments: "disorders of the shoulders, disorders of the spine, disorders of the knees, depression, and anxiety disorders." A.R. at 20. At step three, the ALJ found that plaintiff's impairments were not of listing-level severity. A.R. at 22. Before reaching the fourth step of the sequential evaluation process, the ALJ timely assessed plaintiff's RFC and found that he could perform a limited range of sedentary work, as defined in 20 C.F.R. § 404.1567(a). A.R. at 23. Based on that finding, the ALJ at step four concluded that Plaintiff was unable to perform his past relevant work. A.R. at 30.

At step five, considering plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff could perform other work existing in the national economy. A.R. at 30. The ALJ posed a hypothetical question to the VE which fairly accounted for the limitations imposed by plaintiff's numerous impairments as well as his age, education, and past work experience, and VE was able to cite to two representative jobs that plaintiff could perform: assembler (DOT# 739.684-094; 8,000 jobs in South Carolina and 350,000 jobs nationally); and

machine tender (DOT# 731.685-014; 7,000 jobs in South Carolina and 275,000 jobs nationally). The ALJ concluded that plaintiff was not disabled within the meaning of the Act through September 20, 2013, the date of the ALJ's decision. A.R. at 31.

### D. Discussion

#### 1. Plaintiff's Assignments of Error

Plaintiff has made the following assignments of error: (1) that the ALJ's decision should be remanded for additional administrative proceedings because the ALJ improperly relied on the vocational expert's testimony that plaintiff could work; (2) that the ALJ failed to adequately develop the record for an unrepresented claimant; and (3) that new and material evidence submitted for the first time to this court warrants remand. Pl.'s Mem. (#35-1) at 4-14. Plaintiff's assignments of error will be discussed *seriatim*.

#### 2. First Assignment of Error: Improper Use of a VE

Plaintiff first contends that the Commissioner erred inasmuch as there is no evidence that the VE considered all of the evidence and testimony concerning his impairments. Plaintiff misunderstands the role of a VE.

A VE expert is simply a witness, not a decision maker. It is the role of the ALJ to consider all the evidence, assign appropriate weight to the evidence, afford testimony credibility, and to ultimately conclude whether a claimant retains the

ability to engage in substantial gainful activity. In regards to a VE, it is the ALJ's duty to provide the VE with a hypothetical that fully describes a plaintiff's impairments and accurately sets forth the extent and duration of the claimant's pain, if any. Cornett v. Califano, 590 F.2d 91 (4th Cir. 1978). Where the ALJ properly formulates his or her hypothetical to accurately reflect the condition and limitations of the claimant, the ALJ is entitled to afford the opinion of the vocational expert great weight. Shively v. Heckler, 739 F.2d 984 (4th Cir. 1984). Because plaintiff's conditions and limitations were accurately portrayed to the vocational expert, the ALJ did not fail to consider all the evidence, and his reliance on the opinion of the vocational expert that jobs were available to a person with plaintiff's limitations was entirely proper. This assignment of error is overruled.

To the extent plaintiff has challenged the two representative positions the VE cited as being jobs that he could not do, his exertional challenges are not consistent with the descriptions of those jobs as provided in the Dictionary of Occupational Titles. Further, the exertional requirements of those positions are not precluded by the limitations found by the ALJ, which are in turn supported by substantial evidence and the ALJ's detailed discussion of those impairments. Indeed, plaintiff's argument contain unwarranted and conclusory assumptions about the exertional requirements

of those positions. This assignment is overruled and the court adopts on full the Commissioner's discussion of such aspect of the first assignment of error.

## 2. Second Assignment of Error: Failure to Develop the Record

In his second assignment of error, plaintiff contends that the ALJ failed to adequately develop the record for an unrepresented claimant.

Where a claimant is proceeding without representation before the ALJ, he or she is "entitled to the sympathetic assistance of the ALJ to develop the record, to 'assume a more active role' and to adhere to 'heightened duty of care and responsibility.'" Crider v. Harris, 624 F.2d 15, 16 (4th Cir.1980) (quoting Livingston v. Califano, 614 F.2d 342, 345 (3d Cir.1980)). The Fourth Circuit has held that "the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely on the evidence submitted by the claimant when that evidence is inadequate." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir.1986). The regulations controlling the Commissioner's actions on claims provide that where a claimant's medical records are "inadequate" to determine the existence of a disability, the Commissioner is obligated to seek supplemental information and re-contact the claimant's treating physicians to see if such information can be obtained. 20 C.F.R. § 416.912(e)(1).

When such a case progresses to judicial review, this court ultimately considers whether prejudice to the claimant has been shown prior to any issuance of an order of remand. Marsh v. Harris, 632 F.2d 296, 300 (4th Cir. 1980). . Prejudice to the claimant is established where "the [Commissioner's] decision 'might reasonably have been different had that evidence been before her when her decision was rendered.'" Sims v. Harris, 631 F.2d 26, 28 (4th Cir.1980) (quoting King v. Califano, 599 F.2d 597, 599 (4th Cir.1979)); see also Ripley v. Chater, 67 F.3d 552, 557 n. 22 (5th Cir.1995) ("Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision.").

This is, perhaps, precisely the wrong case for plaintiff to assert that the Commissioner failed to develop the record. Indeed, the paper record consists of four volumes and contains over 2000 pages of materials, taking up a substantial amount of real estate in this court's library. The court has read the transcript of the administrative hearing and it is readily apparent that the ALJ took an active role in developing and questioning witnesses. As discussed briefly above, the ALJ then clearly considered the extensive materials and discussed at length the interplay between the records, the testimony at the hearing, and the impact of those impairments on plaintiff's activities of daily living and ultimately on his ability to

return to work. Without doubt, this ALJ fully complied with his requirements to provide plaintiff with a meaningful, probing hearing and thorough development of the evidence.

More specifically, plaintiff argues that the ALJ was required to obtain additional testimony and evidence regarding alleged side effects from his medications, particularly with respect to his alleged hand tremors and mood problems. A.R. at 9-10. This contention is, however, antithetical to the record developed by the ALJ as the ALJ discussed the evidence of record pertaining to plaintiff's alleged side effects and adequately accounted for them in his RFC assessment. Concerning the alleged hand tremors, the ALJ thoroughly discussed the physical examination findings of record, which consistently revealed generally normal functioning, including normal motor and neurological functioning. A.R. at 25 (discussion); A.R. at 1283-84 (supporting evidence). Further, the ALJ discussed plaintiff's mood issues, which he alleged resulted (at least partially) from his use of prescribed medications. He noted plaintiff alleged issues with anger and "mood swings due to medication," A.R. at 21, noted that plaintiff's wife and mother testified that he experienced mood swings, id., and observed that Victoria Leventis, M.D., diagnosed Plaintiff with a panic disorder. Id. The ALJ then explained that while the

evidence of record did not fully support the extent of mental problems alleged by plaintiff,

> [t]he evidence ... supports allegations by claimant, Carla Palmer, and/or Willie Mae Palmer that claimant experiences depression, experiences anxiety, has some issues with anger, and experiences mood swings. These credible allegations warrant the significant mental limitations described above [in the RFC assessment].

A.R. at 26. The ALJ further discussed Plaintiff's side effects, and accounted for them in the RFC assessment as follows:

> I note that the claimant also testified he takes Trazadone, Gabapentin, and Wellbutrin, and stated such cause some drowsiness, dizziness, fatigue, weakness, and mood swings at one point (Exhibit 8E/7). I have factored these reported side effects into restricting claimant's exposure to hazards and in restricting claimant to performing simple tasks with limited interaction. However, medical records do not report repeated complaints of side effects from medication and claimant did not report these side effects in his testimony.

Id. Contrary to plaintiff's contention, the ALJ thoroughly discussed the evidence pertaining to plaintiff's alleged side effects.

Because the ALJ adequately fulfilled his duty to develop the record in this case and has, in any event, not shown any prejudice, plaintiff's second assignment of error is without merit.

## 4. Third Assignment of Error: New and Material Evidence

Finally, plaintiff contends that remand is in order due to new and material evidence, which has been submitted for the first time to this court. The sixth sentence of 42, United States Code, Section 405(g) provides:

> The court may, . . . at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

Id. In Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93 (4th Cir. 1991),[1] the Court of Appeals for the Fourth Circuit held that evidence is new if it "is not duplicative or cumulative," and is material "if there is a reasonable possibility that the new evidence would have changed the outcome." Id., at 96. See also Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). While it appears that such evidence is arguably "new" insofar as the rating did not exist at the time of the ALJ's

---

[1] While the appellate court in Wilkins was addressing whether the Appeals Council properly addressed evidence which the claimant represented as new and material, the undersigned finds the Wilkins definitions instructive and appropriate in the circumstances presented by this case.

decision, it does not appear that it is material as there is not a reasonable possibility that had such evidence been available to the ALJ there would have been a different outcome.

Foremost, the evidence that plaintiff proposes to present is a Department of Veterans Affairs ("VA") Rating Decision, dated October 20, 2014. While it may well be relevant to a subsequent application for benefits as plaintiff appears to remain insured, that rating decision does not, however, relate to the time period that was being considered by the ALJ as to this particular claim. The VA rating was promulgated one year after the ALJ's decision and on its face indicates that it was prepared in response to plaintiff's "claim for increased evaluation," which was received by the VA on May 16, 2014, well after the adverse decision in this case.

While the rating is based on VA medical records covering the period 2011-2013, which are records the ALJ considered in this case, even the plaintiff admits that the VA 100% disability rating is "at odds" with the "prior of opinions of plaintiff's VA doctors…." Pl.'s Mem (#35-1) at 12. Had such evidence existed at the time of the ALJ's decision, the ALJ would have been required to

> give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give

> less weight to a VA disability rating when the record before the ALJ
> clearly demonstrates that such a deviation is appropriate.

Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012). Inasmuch as the VA rating has been submitted to this court for the first time, it is considered under the standards applicable to a sentence six remand. Inasmuch as the ALJ thoroughly considered the same medical records from the VA, there is not a reasonable possibility that the new evidence would have changed the outcome, Wilkins, 953 F.2d at 96; put another way, had such VA rating been extant at that time the ALJ decided this claim, it is likely that he would have given that determination little weight as the record that was before the ALJ, which included the same VA medical records which were contraindicative of total disability, would clearly demonstrate that a deviation was appropriate. Bird, 699 F.3d at 343.

In Melkonyan v. Sullivan, 111 S. Ct. 2157, 2164 (1991), the Supreme Court discussed the characteristics of a sentence six remand for new and material evidence, stating that in amending the sixth sentence of Section 405(g), "Congress made it unmistakably clear" that it intended to limit remands for "new evidence." Id. The Court further held that Congress added the "good cause" requirement to try to speed up the judicial process, "so that these cases would not just go on and on." Id. "Good cause" is not, therefore, shown inasmuch as the evidence presented would not

change the underling decision of the Commissioner as it simply is not relevant to the time period covered in this application for benefits. This assignment of error is, therefore, without merit.

### E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED**;

(2) the plaintiff's Motion for Summary Judgment (#35) is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (#41) is **GRANTED**; and

(4) this action is **DISMISSED**.

Signed: December 17, 2015

Max O. Cogburn Jr.
United States District Judge